PELTZ (BANK OF WASHINGTON v.). See Case No. 952.

---

## Case No. 10,914.

### PELTZ v. CLARKE.

[2 Cranch, C. C. 703.] [1]

Circuit Court, District of Columbia. May Term; 1826. [2]

EVIDENCE — COPY OF DEED FROM RECORDS — AUTHORITY TO TAKE ACKNOWLEDGMENT—ENTRIES OF DIVISION AND ALLOTMENT.

1. A copy of a deed of lands from the record book may be read in evidence without producing the original or accounting for its nonproduction.

2. The superintendent of the city of Washington was authorized by law to take the acknowledgment of deeds of lands within the city.

[Cited in Middleton v. Sinclair, Case No. 9,-534.]

3. The entries of the division and allotment of the property of the original proprietors of the lands in the city of Washington may be given in evidence without producing or accounting for the nonproduction of the original certificate of division and allotment from which the entries were made.

Ejectment for an undivided moiety of lot No. 3 in square No. 461 in the city of Washington.

Upon the trial the plaintiffs [Alexander M. Peltz and others, heirs of John Peltz] produced and offered to read in evidence from the book of land records for this county a copy of a deed with a copy of the acknowledgment thereof, purporting to have been acknowledged before and certified by Thomas Monroe, superintendent, etc., and offered no evidence to account for the nonproduction of the supposed original, nor any proof of the execution of such original other than the said land-record book, purporting to set out the copy of said deed or of the said certificate of said Thomas Monroe; to the reading of which copy the defendant [Joseph S. Clarke] objected, but THE COURT (THRUSTON, Circuit Judge, absent) overruled the objection and admitted the same in evidence.

Mr. Jones, for defendant, also contended that Mr. Monroe, the superintendent of the city, had no authority to take the acknowledgment of the deed; the act of congress under which he was appointed having transferred to him only those powers of the former commissioners which were to be executed by them as commissioners,—that is, as a board of commissioners,—not the powers which any individual commissioner could exercise; but THE COURT overruled the objection.

THE COURT also permitted the plaintiff to read in evidence the record book of the entries of the division and allotment of the square, No. 461, without producing or accounting for the nonproduction of the original certificate of division and allotment from which those entries were made.

THE COURT also gave an instruction, to which the plaintiffs excepted, and the verdict being against them, they took a writ of error to the supreme court, where the judgment of this court was affirmed. 5 Pet. [30 U. S.] 481.